UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VLADIK BYKOV, | ) |
| | ) No. C08-0802RAJ |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| 7435 159TH PLACE NE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I. INTRODUCTION

This matter comes before the court on Defendant's motion to dismiss (Dkt. # 24) Plaintiff's motion for default (Dkt. # 42). Neither party has requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, both motions are DENIED.

## II. BACKGROUND

Plaintiff Vladik Bykov, proceeding *pro se*, filed a lawsuit against Defendants Columbia Recovery Group, LLC ("Columbia"), 7435 159th Place NE, LLC ("Riverside Apartments"), and Natalie Long, among others. Bykov's original complaint is sixty-six

ORDER – 1

pages long and lists 81 claims against the Defendants, based on debts allegedly incurred when Bykov vacated an apartment. Columbia moved to dismiss twelve of Bykov's claims under Fed. R. Civ. P. 12(b)(6), moved to strike four of Bykov's claims as redundant under Fed. R. Civ. P. 12(f), moved to strike one of the paragraphs of the complaint based on Bykov's lack of personal knowledge of the assertions therein, and requested that the court order Bykov to amend his complaint for the sake of efficiency. *See* Def.'s Mot. at 2-5.

After Columbia filed this motion, Bykov moved for leave to amend his complaint. *See* Pltf.'s Mot. (Dkt. # 27). The court granted this motion, and Bykov filed and served an amended complaint on November 17, 2008, that reflected at least some of the changes sought in Columbia's motion. *Compare* Amended Complaint (Dkt. # 16) *with* Second Amended Complaint ("Complaint") (Dkt. # 37). On December 12, 2008, Bykov filed a motion for default against Riverside Apartments and Long because they failed to file a timely answer to the Complaint. On January 6, 2009, they filed an answer, and Bykov has moved to strike the answer as untimely.

### III. ANALYSIS

**A. Riverside Apartments and Long Are Not in Default.**

Under Fed. R. Civ. P. 15(a)(3), a defendant generally has 10 days to file any required response to an amended pleading. A defendant who fails to timely plead or otherwise defendant against a complaint is in default. Fed. R. Civ. P. 55(a).

Though Riverside Apartments and Long did not file an answer to the Complaint until after the time permitted,[1] they had filed an answer to the first amended complaint and had previously demonstrated an intent to pursue this litigation. *See* Answer (Dkt. # 25), Defs.' Opp'n (Dkt. # 32), Defs.' Initial Disclosures (Dkt. # 39).

Under these circumstances, it would not be appropriate to find Riverside Apartments and Long in default. *See*, *e.g.*, *Washington Nat. Ins. Co. v. Hendricks*, 855 F. Supp. 1542, 1549 (W.D. Wis. 1994) (finding default inappropriate where plaintiff was

---

[1] The court notes that these Defendants have not yet moved for leave to file a late answer.

ORDER – 2

not prejudiced by defendants' failure to respond to a second amended complaint, and where defendants actively pursued the matter in all other respects). The differences between the versions of the Complaint are not so dramatic that the response of Riverside Apartments and Long would be entirely unpredictable, and Bykov has not been prejudiced by their failure to timely respond. Because these Defendants have pursued the litigation in other respects and Bykov has not been prejudiced by the delay, Bykov's motion for default is denied.

**B. Columbia's Motion to Dismiss is Moot.**

The court agrees with Columbia that the motion to dismiss is moot to the extent that the Complaint cures deficiencies identified in the motion. *See* Def.'s Reply at 1. Columbia reserved the right to object to the amendments, but did not renew its motion or otherwise move to dismiss the Complaint as amended. Instead, Columbia filed an answer to the Complaint. *See* Answer (Dkt. # 38). Under these circumstances, it appears that Columbia's motion is now moot.

## IV. CONCLUSION

Accordingly, Defendant's motion (Dkt. # 24) is DENIED as moot, and Plaintiff's motion (Dkt. # 42) is DENIED.

DATED this 15th day of January, 2009.

*/s/ Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3